IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:17cr134

TEVIN T. GREENE

MEMORANDUM OPINION

This matter is before the Court on the defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 51), the defendant's Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 53), the United States' Response in Opposition to Defendant's Motion for Compassionate Release (ECF No. 59), and the Defendant's Reply Memorandum in Support of Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 60). Having considered those papers, the Joint Status Report (ECF No. 62), the submission of the Probation Office (ECF No. 56), the Presentence Report (ECF No. 48) and the file, the Court will deny the defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 51) and the defendant's Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 53).

## BACKGROUND

On July 12, 2017, Tevin T. Greene ("Greene") was arrested pursuant to an outstanding warrant for his arrest. At the time, Greene acknowledged that he had a firearm in his waistband and, thereafter, he was indicted on the charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 944(g)(1) (ECF No. 1). On March 30, 2018, Greene pled guilty to that charge, and on June 14, 2018, Greene appeared for sentencing. The offense of conviction carried a statutory maximum term of imprisonment of ten years and a guideline range of 51 to 63 months. The Government moved for an upward departure under U.S.S.G. § 4A1.3(a)(1) on the ground that Greene's criminal history category substantially underrepresented the seriousness of his criminal history or the likelihood that he would commit other crimes. According to the Presentence Report, Greene had garnered convictions of possession of cocaine with intent to distribute; possession of cocaine with intent to distribute within 1,000 feet of a school; possession of heroin with intent to distribute within 1,000 feet of a school (ECF No. 48, ¶ 30); carrying a concealed weapon (ECF No. 48, ¶ 34); carrying a concealed weapon (second offense) (ECF No. 48, ¶ 38); alluding police (ECF No. 48, ¶ 41); and several convictions for committing violations while on suspended sentences conditioned upon good behavior. After considering the extent and seriousness

of Greene's criminal history, the Court granted the motion of the United States for an upward departure pursuant to U.S.S.G. § 4A1.3 and sentenced Greene to 71 months in prison to be followed by a three year term of supervised release. Greene's projected release from the Bureau of Prisons ("BOP") is February 26, 2024.

The BOP reports that Greene submitted a request for compassionate release on November 17, 2020 which was denied by the Warden on December 16, 2020. Greene now seeks compassionate release because he suffers from hypertension and obesity. He has a Body Mass Index of 35.9, stands 5'4" and weighs 209 pounds. It appears from the records that he is not receiving treatment for hypertension while in prison.

It appears that Greene has committed no violations of prison rules while in prison. He has completed a challenging residential reentry program at the facility of incarceration, FCI Hazleton.

## DISCUSSION

The applicable statute, 18 U.S.C. § 3582(c)(1)(A), provides, in pertinent part, that, upon appropriate motion, the Court "may reduce the term of imprisonment . . . if it finds that 'extraordinary and compelling reasons' warrant such a reduction." It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate

release under § 3582(c)(1)(A)(i). United States v. White, 378 F. Supp.3 784, 785 (W.D. Mo. 2019).

The "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the Bureau of Prison's statutory role, and extensive professional efforts to curtail the virus' spread. United States v. Raia, 954 F.3d 594, 597 (3rd Cir. 2020). In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, inter alia, the guidance of the CDC, and non-binding policy statements of the United States Sentencing Guidelines. See United States v. Beck, 425 F. Supp. 3d 573, 581-82 (M.D.N.C. 2019). The policy statements are not binding but are informative and may be considered. United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). The cases teach that, to constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious. Also, it is generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020).

To establish existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19, the

4

defendant must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at [his] prison facility." United States v. White, ___ F. Supp.3d ___, 2020 WL 1906845, at *1 (E.D. Va. April 23, 2020) (quoting United States v. Feiling, 453 F. Supp.3d 832, 840 (E.D. Va. 2020)).

### 1. Particularized Susceptibility

The defendant asserts that he has untreated hypertension and is obese (a Body Mass Index of 35). However, the fact that a defendant has established a higher susceptibility to COVID-19 does not resolve the particularized susceptibility requirement because identified risk factor conditions must be serious to constitute extraordinary and compelling reasons. It appears from the record that the conditions on which Greene bases his motion are "chronic conditions that can be managed in prison [and thus] are not a sufficient basis for compassionate release." United States v. Ayon-Nunez, No. 1:16-cr-130, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020). The United States acknowledges as much by stating that the "defendant's obesity is a risk factor, 'albeit one that is not a permanent condition.'" (ECF No. 49, p. 10 and p. 11, fn. 4). However, the United States then seems to concede that Greene has met the particularized susceptibility risk facet of the applicable test. Thus, the Court will assume that he has satisfied that part of the test.

### 2. Particularized Facility Risk

However, Greene has not met the particularized facility risk component of the appropriate test. His motion cites press releases and information respecting the instances of COVID-19 among inmates and staff at BOP facilities nationwide, but provides no real evidentiary support of a particularized risk of contracting the disease at FCI Hazleton, the defendant's facility of incarceration. Further, the record reflects that, at the time of the filing of the Government's papers, FCI Hazleton (which houses 1,781 inmates) had two active case of COVID-19 among inmates, four active cases of COVID-19 among staff, and 148 inmates and 72 staff members who had previously contracted, but had recovered from COVID-19. In addition, all inmates who have tested positive are being appropriately treated and isolated in accord with the appropriate CDC guidelines that have been adopted by the Bureau of Prisons.

In sum, the record shows that FCI Hazleton is managing the COVID-19 problem effectively. And, the record shows that 329 inmates and 322 staff have been fully vaccinated. That number would include Greene but, he refused to be vaccinated when offered the opportunity on March 9, 2021. On this record, Greene has not met the particularized facility component of the governing test.

### 3. Assessment Under 18 U.S.C. § 3553(a)

But, even if Greene had met the particularized facility assessment (which he has not), it would be appropriate to deny compassionate release in perspective of the sentencing factors prescribed by 18 U.S.C. § 3553(a). Compassionate release, of course, is appropriate only where the defendant is not a danger to the safety of any other person or of the community. The defendant implies that he is not a danger to the community. That, he says, is largely because he has broken no prison rules and he has become committed to "living a more productive life," as a result of taking the "challenging," residential program at FCI Hazleton. (ECF No. 53, p. 12). That, rather fascile passage in Greene's motion simply ignores Greene's lengthy and serious criminal history of drug dealing and convictions for firearms offenses. And, it ignores that he has received, but not taken advantage of, leniency through his crime-littered past. Moreover, Greene has a history of committing crimes while on release for good behavior. Quite simply, Greene needs to serve his full term to protect the public and to deter him from continuing his criminal ways. Nothing in 18 U.S.C. § 3553(a) counsels a compassionate release.

7

## CONCLUSION

For the foregoing reasons, defendant's *pro se* Letter Motion for Compassionate Release (ECF No. 51) and the defendant's Motion for Compassionate Release Pursuant to Section 603(b) of the First Step Act (ECF No. 53) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: May \_\_\_\_, 2021