IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:17CR134

TEVIN T. GREENE,

    Petitioner.

**MEMORANDUM OPINION**

Tevin T. Greene, a federal inmate proceeding by counsel, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 33).[1] The Government has filed a Government's Response in Opposition to Defendant's Petition for Habeas Relief Under <u>Rehaif v. United States</u>. ("Response," ECF No. 39.) Greene has filed a Reply Memorandum in Support of Motion to Vacate Conviction and Sentence Under 28 U.S.C. § 2255 Pursuant to <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). ("Reply," ECF No. 41.) For the reasons set forth below, the § 2255 Motion will be denied.

**I.   PROCEDURAL HISTORY**

On March 30, 2018, Greene pled guilty to one count of possession of a firearm by a convicted felon (Count One). (ECF No. 11.) In the Statement of Facts filed in conjunction with his

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

guilty plea, Greene acknowledged that the facts contained in Count One of the Indictment and the following facts were true and that the Government could have proven them beyond a reasonable doubt had the matter gone to trial:

> 1. On or about July 12, 2017, in the Eastern District of Virginia and within the jurisdiction of this Court, TEVIN T. GREENE, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, to wit: a Smith and Wesson handgun, serial number FYH5220, in and affecting interstate and foreign commerce.
> 2. On July 12, 2017, an officer with the Richmond Police Department observed GREENE in the area of 18th and Main Street in Richmond, Virginia.
> 3. The officer knew that GREENE had outstanding arrest warrants. The officer approached GREENE and placed him under arrest on the outstanding arrest warrants.
> 4. After the arrest, but before transport from the scene, GREENE told the officer to "get this gun off my waist."
> 5. The officer then reached into GREENE's waistband and retrieved a Smith & Wesson handgun, serial number FYH5220, from GREENE's right hip.
> 7.[2] Prior to July 12, 2017, GREENE had been convicted of a crime punishable by more than one-year imprisonment.
> 8. The Smith and Wesson handgun, serial number FYH5220, was not manufactured in Virginia, and therefore, traveled in interstate commerce.

(ECF No. 13, at 1-2.) On June 14, 2018, the Court imposed judgment and sentenced Greene to seventy-one months of incarceration. (ECF No. 29, at 1-2.) Greene did not appeal.

---

[2] The Statement of Facts is missing a paragraph number six.

On June 18, 2020, Greene filed the present § 2255 Motion. In his § 2255 Motion, Greene raises the following claims for relief:

> Claim One: Greene's § 922(g)(1) conviction must be vacated after Rehaif v. United States, 139 S. Ct. 2191 (2019), because he "was not advised that an element the government would be required to prove beyond a reasonable doubt if he had proceeded to trial was that he knew that he had been previously convicted of a crime punishable by a term of imprisonment exceeding a year." (ECF No. 33, at 1.)

In response, the Government argues that this claim is procedurally defaulted and barred from review.[3]

## II. PROCEDURAL DEFAULT

### A. Alleged Error Under Rehaif

The Government concedes that Rehaif applies retroactively to cases on collateral review, but argues that, Greene procedurally defaulted any challenge to his conviction based on Rehaif. (ECF No. 39 at 4.)[4] As discussed below, Claim One is defaulted and it is barred from review here.

---

[3] For reasons not entirely clear, the Government does not raise the affirmative defense that the § 2255 Motion is barred by the statute of limitations, but instead takes the view that the Rehaif claim is timely pursuant to 28 U.S.C § 2255(f)(3). Thus, it is not appropriate to discuss the timeliness of Greene's § 2255 Motion.

[4] The Fourth Circuit has not addressed the retroactivity of Rehaif. Two circuit courts have found that Rehaif is merely a case of statutory interpretation, and that it did not establish a new rule of constitutional law. See Khamisi-El v. United States, 800 F. App'x 344, 349 (6th Cir. 2020); In re Palacios, 931 F.3d 1314, 1315 (11th Cir. 2019). For reasons neither explained nor

Under 18 U.S.C. § 922(g)(1), it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. A separate provision, 18 U.S.C. § 924(a)(2), requires that anyone who "knowingly violates" § 922(g)(1) shall be fined or imprisoned for up to ten years. In <u>Rehaif</u>, the Supreme Court determined that § 922(g) does not criminalize a defendant's "innocent mistake" and therefore, a conviction under § 922(g) requires "knowledge of [the] status" that renders firearm possession unlawful. 139 S. Ct. 2197. Accordingly, <u>Rehaif</u> held that, "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm <u>and that he knew</u> he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200 (emphasis added).[5]

---

readily apparent, the Government has not readily addressed retroactivity. Thus, for the purposes of this opinion, the Court will assume that <u>Rehaif</u> applies retroactively to cases on collateral review, even though that seems to be quite unlikely.

[5] In <u>Rehaif</u>, a jury convicted the defendant of being an alien unlawfully in the United States in possession of firearms in violation of § 924(g)(5) and § 924(a)(2). 139 S. Ct. at 2194. As explained by the United States Supreme Court:

> Petitioner Hamid Rehaif entered the United States on a nonimmigrant student visa to attend university. After he received poor grades, the university dismissed him and told him that his "'immigration status'" would be terminated unless he transferred to a different university or left the country. Rehaif did neither.
> Rehaif subsequently visited a firing range, where he shot two firearms. The Government learned about his

Relying on this holding, Greene contends that his plea colloquy was defective because he was not informed that the Government had to prove knowledge of prohibited status. Greene contends that this "error in the context of a guilty plea constitutes structural error" (ECF No. 33, at 7), and suggests that, because he was unaware of this element of the § 922(g) offense, his plea was not knowing and voluntary and his conviction must be vacated.[6] However, as discussed below, Claim One is procedurally defaulted, and barred from review here.

---

target practice and prosecuted him for possessing firearms as an alien unlawfully in the United States . . . .

Id. at 2194 (internal citations omitted). During his trial, Rehaif objected to the jury instruction "that the 'United States is not required to prove' that Rehaif 'knew he was illegally or unlawfully in the United States,'" at the time he possessed the firearm. Id. (citation omitted). The Court overruled the objection, the jury found him guilty, and Rehaif was sentenced to 18 months of incarceration. Id. The Eleventh Circuit affirmed his conviction and sentence. Id. at 2195. The United States Supreme Court reversed, holding that: "To convict a defendant, the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 2194.

[6] Greene does not specifically argue that Rehaif requires that the Government must also prove that he knew his conviction for a crime punishable by a term of imprisonment exceeding one year accorded him a status barring him from legally possessing a firearm. However, to the extent that he had, that contention lacks merit. Rehaif does not require the Government to prove that Greene knew his possession of a firearm was unlawful in addition to proving he "knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. 2194. To the contrary, "the scope of a defendant's knowledge as required by Rehaif does not extend beyond the defendant's relevant status (that he was a felon . . . )." United States v. Jackson, No. 3:17-

### B. Greene Fails To Demonstrate Actual Prejudice Or Actual Innocence

Greene clearly did not raise his Rehaif claim during his criminal proceedings in this Court or on direct review. The Government correctly asserts that, absent a showing of cause and prejudice or actual innocence, Claim One is barred from review here because Greene could have raised, but did not raise, this claim on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); see also United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal."). The Court need not determine whether Greene has shown cause, because he

---

810-CMC, 2021 WL 694848, at *8 (D.S.C. Feb. 23, 2021) (quoting Rehaif, 139 S. Ct. at 2194). Although the Fourth Circuit has not weighed in on this argument, four circuit courts have agreed that after Rehaif, "the Government must prove only that [the defendant] knew, at the time he possessed the firearm, that he belonged to one of the prohibited status groups enumerated in § 922(g)," United States v. Singh, 979 F.3d 697, 728 (9th Cir. 2020), —not that "he knew his status prohibited him from owning a firearm." Id. at 727; see also United States v. Maez, 960 F.3d 949, 945-55 (7th Cir. 2020) petition for cert. filed, Nos. 20-6129, 20-6226, 20-6227 (U.S. Oct. 19, 2020 & Oct. 28, 2020); United States v. Robinson, 982 F.3d 1181, 1187 (8th Cir. 2020); United States v. Bowens, 938 F.3d 790, 797 (6th Cir. 2019), cert. denied, 140 S. Ct. 2572 (2020); 140 S. Ct. 814 (2020).

6

clearly suffered no actual prejudice. See <u>United States v. Frady</u>, 456 U.S. 152, 167 (1982).

In order to demonstrate prejudice, Greene must show "a reasonable probability that, but for [the alleged] errors, he would have not pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985); see <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 76 (2004) (explaining that defendant can only establish a Rule 11 error affected his substantial rights by "show[ing] a reasonable probability that, but for the error [at his plea hearing], he would not have entered the plea"). Notably, Greene does not argue that, but for the <u>Rehaif</u> error, he would have pled not guilty and insisted on proceeding to trial. For this reason alone, Greene has failed to meet his burden of establishing actual prejudice. See <u>Greer v. United States</u>, 141 S. Ct. 2090, 2097 (2021).

Moreover, the undisputed evidence establishes that the Government would have easily demonstrated that Greene was aware of his prohibited status. As the Supreme Court inferred in <u>Rehaif</u>, the Government's obligation to prove a defendant's knowledge of his status as convicted felon is hardly "burdensome," because "knowledge [of status] can be inferred from circumstantial evidence." 139 S. Ct. 2198 (quoting <u>Staples v. United States</u>, 511 U.S. 600, 615 n.11 (1994)); see <u>United States v. Lavalais</u>, 960 F.3d 180, 184 (5th Cir. 2020) ("Demonstrating prejudice under

7

Rehaif will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."), petition for cert. filed, No. 20-5489 (U.S. Aug. 25, 2020).

In Rehaif, the Supreme Court addressed "what it means for a defendant to know he has 'violate[d]' 922(g)." 139 S. Ct. 2195. The Supreme Court set forth four elements that makes possession of a firearm or ammunition unlawful: "(1) a status element (in this case, [being a felon with a sentence of imprisonment of more than one year]); (2) a possession element (to 'possess'); (3) a jurisdictional element ('in or affecting commerce'); and (4) a firearm element (a 'firearm or ammunition')." Id. at 2195-96. Only element (1) is at issue in the present case: whether Greene was aware that he was a felon with a sentence of more than a year at the time he possessed the firearm. Overwhelming evidence reflects that Greene knew of his felon status at the time of the firearm offense and the Government easily would have proven that fact if he had insisted on proceeding to trial. Cf. Greer, 141 S. Ct. at 2100 ("In felon-in-possession cases, a Rehaif error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon."). In fact, Greene had been convicted of multiple felonies

8

by the Commonwealth of Virginia, including: a 2009 conviction in the Circuit Court for the City of Richmond ("Circuit Court") for possession with intent to distribute heroin and cocaine, resulting in a ten-year sentence with all ten years suspended (ECF No. 38-2; Presentence Report "PSR" ¶ 30, ECF No. 24); a 2013 conviction in the Circuit Court for possession of Percocet, resulting in a five-year sentence with three years suspended (ECF No. 38-5; PSR ¶ 35);[7] and, a 2015 conviction in the Circuit Court for carrying a concealed weapon without a permit, second offense, resulting in a five-year sentence, with four years and four months suspended (ECF No. 38-7; PSR ¶ 38).[8] Greene clearly knew that he was both a felon and that he was prohibited from possessing a firearm in 2006. Moreover, the record lacks any evidence suggesting that Greene

---

[7] Greene clearly knew he was a felon because he spent more than one year in prison or jail on this conviction.

[8] In addition, whether Greene "served any prison time at all in prison is irrelevant. Rather, [§ 922(g)] criminalizes the possession of a firearm by any person 'who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year.'" Johnson v. United States, No. 6:12-cv-00632, No. 6:09-cr-0205, 2013 WL 6633953, at *3 (S.D. W. Va. Dec. 17, 2013) (explaining that "§ 922(g)(1) do[es] not require the defendant's prior sentence involve actual prison time in excess of a year"); see United States v. Harris, 458 F. App'x 297, 299 (4th Cir. 2011) (finding nine-year suspended sentence satisfied § 922(g)(1)).

would not have pled guilty if he had known that such proof was required.[9]

Therefore, Greene cannot show any actual prejudice. This same information dispels any suggestion that Greene's actual innocence could excuse his default. Accordingly, Claim One is defaulted and will be dismissed.

## III. CONCLUSION

Greene's § 2255 Motion (ECF No. 33) will be denied. Claim One will be dismissed. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of this Memorandum Opinion to Greene and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: August 24, 2021
Richmond, Virginia

---

[9] In exchange for his guilty plea, Greene received a three-level reduction in his Offense Level for acceptance of responsibility, making his sentencing guidelines range 51 to 63 months. (PSR ¶¶ 19-20, 74) If Greene had instead proceeded to trial, he faced a statutory sentence of up to ten years of imprisonment and would have lost the benefit of that three-point reduction, resulting in sentencing guidelines range of 70 to 87 months. Thus, with a certainty, Greene would have received more than the 71-month sentence imposed based on the seriousness of his criminal history. Accordingly, no reasonable defendant in Greene's position, would have insisted on proceeding to trial when he almost certainly would have been convicted and received a longer sentence.